UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

---

DENISE SAMPLES,

        Plaintiff,

    v.

MIDLAND CREDIT MANAGEMENT,
INC., MIDLAND FUNDING, LLC, AND
ENCORE CAPITAL GROUP, INC.,

        Defendants.

Civil Action No. 3:12-cv-00099

Judge Trauger

---

## INITIAL CASE MANAGEMENT ORDER

    A.    JURISDICTION: The court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §1391(b), and 28 U.S.C. § 1331.

    B.    BRIEF THEORIES OF THE PARTIES: [not to be a verbatim recitation of the pleadings]

    1) PLAINTIFF: Plaintiff alleges that Defendants sent Plaintiff a letter in connection with the collection of an alleged debt in default that violated three sections of the FDCPA. This letter was dated June 30, 2011 and was titled "Notice of New Ownership and pre-legal review." The letter in relevant part stated:

> Midland Credit Management, Inc is considering forwarding this account to an attorney in your state for possible litigation However, such forwarding will not occur until after the expiration of the time period described on the back of the letter. Upon receipt of this notice, please call to discuss your options.

-1-

> If we don't hear from you or receive payment by 8-14-2011, we may proceed with forwarding this account to an attorney. What do you need to do to stop this process from continuing?
> - Mail in $300.00 and call to set up your remaining payments.
> - Call us today to see how to qualify for discounts and payment plans.
>
> LET US HELP YOU! If the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us. We encourage you to call us today: (877) 265-8825.
>
> "BENEFITS OF PAYING!
> - This may be your last chance to work with us before the account goes to an attorney.
> - No additional interest will be charged to your account.
> - Get rid of this debt and get on with your life.
>   Once your account is paid,
> - All collection calls and letters on this account will stop!
> - We will notify the credit bureaus the debt is PAID IN FULL."

This letter was designed to cause plaintiff to believe that legal action had been or would be imminently initiated against Plaintiff, but Defendants have not taken the threatened legal action. Consequently, this letter falsely represented the meaningful level of attorney involvement, threatened an action that was not actually intended to be taken, and used false representations in violation of 15 U.S.C. § 1692e(3), (5), & (10).

2) DEFENDANTS: Based upon the Court's Order and Memorandum filed on July 2, 2012, the only remaining issue in this case is the resolution of the factual question under § 1692e(5) and § 1692e(10). Defendants assert that once a corporate representative for Midland provides deposition

testimony on this specific factual issue, the remainder of the case will be dismissed. Defendants reserve all defenses asserted in their Answer.

C. ISSUES RESOLVED:

1) Jurisdiction is proper in the United States District Court for the Middle District of Tennessee;

2) Venue is proper in the United States District Court for the Middle District of Tennessee.

3) Plaintiff's claims pursuant to § 1692e(3) have been dismissed by the Court.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26(a)(1) on or before ~~September~~ August 17, 2012.

F. DISCOVERY: The parties shall complete all written discovery and depose all fact witnesses on or before February 20, 2013. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 9(a)(2) is limited to allow 20 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before August 20, 2012.

H. [only if applicable] DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before November 20, 2012. The defendant shall identify and disclose all expert witnesses and reports on or before December 20, 2012.

I. [only if applicable] DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before February 20, 2013.

J. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before March 20, 2013. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time and expense for the parties, counsel and the court.

K. ELECTRONIC DISCOVERY. The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

L. TARGETED TRIAL DATE: The parties expect to be ready for trial by July 30, 2013.

M. ESTIMATED TRIAL TIME: The parties expect the trial to last approximately 3 days.

It is so ORDERED.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

<u>s/ Paul K. Guibao</u>
Paul K. Guibao
Attorney for Plaintiff

<u>s/ Christopher F. Heinss</u>
Christopher F. Heinss
Attorney for Defendant